UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXXON MOBIL CORP.                                    CIVIL ACTION

VERSUS                                               NO. 09-6732

UNITED STATES DEPARTMENT                             SECTION "D" (2)
OF THE INTERIOR

## ORDER AND REASONS ON MOTION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, plaintiff Exxon Mobil Corp. seeks to obtain additional documents from the

Minerals Management Service (the "MMS"),[1] an agency of defendant, the United States

Department of the Interior.  Exxon Mobil is the operator of several federal oil and gas

leases in deepwater areas of the Gulf of Mexico.  In February and April 2009, the MMS

denied Exxon Mobil's requests for a Suspension of Production ("SOP") for a particular

deepwater unit.  Exxon Mobil appealed the denials to the Interior Board of Land Appeals.

That appeal is apparently still pending.  Pursuant to FOIA and in connection with its

appeal, Exxon Mobil submitted to the MMS three requests for extremely voluminous

documents.  The MMS responded, but Exxon Mobil contends in the instant civil action

that the responses were insufficient.

---

[1]The name of the MMS was changed in June 2010 to the Bureau of Ocean, Energy, Management
and Enforcement.  Because the activities at issue in this case occurred before the name change, I refer
to it as the MMS in this order.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Exxon Mobil filed a motion for summary judgment, Record Doc. No. 29, which

the presiding district judge denied in part and denied as premature in part.  Record Doc.

No. 35 at pp. 19-20.  In that motion, Exxon Mobil alleged that the MMS had (1) failed

to produce documents responsive to Exxon Mobil's FOIA requests and (2) withheld

documents pursuant to the statutory exemption that allows an agency to withhold

proprietary and confidential materials.  Exxon Mobil sought an order that defendant

produce all responsive documents and either provide a non-categorical Vaughn index[2]

of all withheld documents or submit the withheld documents for in camera review.

Record Doc. No. 35 at p. 3.  In opposition to the motion, the Interior Department

submitted a sworn declaration from Robert Zainey, Chief of the Public Information

Resources Section and FOIA Officer of the MMS Gulf of Mexico Outer Continental

Shelf Region, which described the document searches made by the MMS in response to

each of Exxon Mobil's FOIA requests and the agency's rationales for the way it

produced responsive documents and withheld others.  Record Doc. No. 29-1.

In ruling on Exxon Mobil's motion for summary judgment, Judge McNamara

denied the motion in part because ordering the MMS to provide a Vaughn index would

---

[2]"This is a detailed index showing justification for withholding each document."  Miscavige v. Internal Rev. Serv., 2 F.3d 366, 367 (11th Cir. 1993) (citing Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)).

be premature and too burdensome.  However, he ordered Exxon Mobil to clarify and reduce the scope of certain of its requests.  He ordered the MMS to respond to the narrowed requests and to provide a <u>Vaughn</u> index if it continued to withhold any documents responsive to the narrowed requests.  Record Doc. No. 35 at pp. 19-20.  Judge McNamara denied Exxon Mobil's summary judgment motion in all other respects.  He specifically held that any of Exxon Mobil's FOIA requests that sought "'any and all documents,' 'any documents,' or 'all documents' . . . are impermissibly broad and do not comply with FOIA's requirement that the request for records 'reasonably describe[] such records.'  5 U.S.C. § 552(a)(3)(A) . . . ."  Record Doc. No. 35 at pp. 18-19.

Both parties complied with the order to supplement.  Record Doc. Nos. 36, 37. As part of its response, the MMS filed a second declaration by Zainey.  Record Doc. No. 37-1.

The Interior Department then filed its own motion for summary judgment, arguing that it has properly responded to all of Exxon Mobil's FOIA requests, as narrowed pursuant to Judge McNamara's order, and that this action should be dismissed.  Record Doc. No. 38.  After obtaining a continuance of the summary judgment hearing date and before filing an opposition to the Department's motion, Exxon Mobil subpoenaed Zainey for a deposition.  The Department filed a Motion to Quash and for Protective Order,

seeking a court order prohibiting plaintiff from deposing Zainey.  Record Doc. No. 41. That motion is now before me for decision.

I granted the Department's request for an expedited hearing and ordered that Zainey's deposition be postponed pending my ruling on the motion to quash.  Record Doc. No. 43.  Exxon Mobil filed a timely memorandum in opposition to the motion to quash.  Record Doc. No. 51.

Upon Exxon Mobil's motion, Record Doc. No. 50, Judge McNamara continued the hearing date on the pending motion for summary judgment until December 1, 2010 and extended the discovery deadline in this matter until December 15, 2010.  Judge McNamara noted that "this court's extension of the discovery deadline should not be construed as any indication of how the Magistrate Judge will rule on the DOI's Motion to Quash and for Protective Order (Doc. No. 41)."  Record Doc. No. 54 at p. 2.

Having considered the complaint, the record, the submissions of the parties and the applicable law, IT IS ORDERED that defendant's Motion to Quash and for a Protective Order, Record Doc. No. 41, is GRANTED IN PART AND DISMISSED AS MOOT IN PART, as follows.

4

II.    <u>ANALYSIS</u>

A.    <u>Legal Standards</u>

The Interior Department argues in its motion that Exxon Mobil should not be permitted to depose Zainey about the MMS's withholding of documents pursuant to the statutory exemption, the need for a <u>Vaughn</u> index or the adequacy of the MMS's document searches in response to Exxon Mobil's FOIA requests because, as a legal matter, discovery typically is not permitted in FOIA actions and, as a factual matter, Exxon Mobil's FOIA requests are overly burdensome.  However, Exxon Mobil states in its opposition memorandum that it intends to depose Zainey <u>only</u> about the adequacy of the MMS's document searches, <u>not</u> about the claimed exemption or the withheld documents.  Interior's motion is therefore DISMISSED AS MOOT IN PART to the extent it seeks to prevent the deposition concerning the statutory exemption, the documents that the MMS withheld or the need for a <u>Vaughn</u> index.  No such deposition is requested, and none will proceed as to these matters.

With respect to subpoenas, Fed. R. Civ. P. 45(c) provides that the court "must quash or modify a subpoena" that "subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).  "When the burdensomeness of a subpoena is at issue, the onus is on the party alleging the burden . . . to demonstrat[e] the overly burdensome nature of [the] subpoena."  <u>Thomas v. IEM, Inc.</u>, No. 06-886-B-M2, 2008 WL 695230, at *3 (M.D. La.

5

Mar. 12, 2008) (Noland, M.J.); accord Recycled Paper Greetings, Inc. v. Davis, No. 1:08-MC-13, 2008 WL 440458, at *2 (N.D. Ohio Feb. 13, 2008).

Fed. R. Civ. P. 26(c) allows a party to seek a protective order against overly burdensome discovery. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1) (emphasis added). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, 134 F.3d 302, 306 (5th Cir. 1998) (quoting U.S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); citing 8 C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure § 2035, at 483-86 (2d ed. 1994)) (hereinafter "Wright & Miller") (emphasis added). Thus, the Interior Department in this case bears the burden under both Rule 45 and Rule 26(c) to establish that the subpoena to and deposition of Zainey should be quashed and a protective order entered.

In the case of discovery in FOIA cases, however, it appears from the case law that a burden-shifting regime is imposed as an overlay on the usual discovery rules. In addition to its Rule 45 and 26 burdens, the Department also has an evidentiary burden to justify its responses to Exxon Mobil's FOIA requests, which informs the court's

6

consideration of its motion to quash and for protective order.  However, if the agency

satisfies its burden in this regard, the requester, Exxon Mobil in this instance, then has

a burden it must satisfy in connection with its discovery request.

> FOIA requires federal agencies to disclose agency records unless they may be withheld pursuant to one of nine enumerated exemptions listed in [5 U.S.C.] § 552(b).  <u>A defendant agency has the burden of establishing the adequacy of its search</u> and that any identifiable document has either been produced or is subject to withholding under an exemption.  This <u>burden may be met through affidavits</u> explaining the manner in which the search was conducted.

<u>Heily v. U.S. Dep't of Commerce</u>, 69 F. App'x 171, 173 (4th Cir. 2003) (citing <u>Carney</u>

<u>v. U.S. Dep't of Justice</u>, 19 F.3d 807, 812 (2d Cir. 1994)) (emphasis added).

> Although FOIA mandates the disclosure of documents to citizens, it

> does not oblige the government to answer [the requestor's] questions or establish a research service.  The requirement that requests be reasonably described exists because the "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors."  Therefore, "it is the requestor's responsibility to frame requests with sufficient particularity to ensure the searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested."  Even where a request sufficiently describes the records sought, an agency is not required to comply with a request so broad that it would impose an unreasonable burden upon the agency.

<u>Bailey v. Callahan</u>, No. 3:09MC10, 2010 WL 924251, at *4 (E.D. Va. Mar. 11, 2010)

(quoting <u>Assassination Archives & Research Ctr. v. Cent. Intelligence Agency</u>, 720 F.

Supp. 217, 219 (D.D.C. 1989)) (citing <u>Am. Fed'n of Gov't Employees v. U.S. Dep't of</u>

Commerce, 907 F.2d 203, 209 (D.C. Cir. 1990); Church of Scientology v. Internal Revenue Serv., 792 F.2d 146, 150-51 (D.C. Cir. 1987); Frank v. U.S. Dep't of Justice, 941 F. Supp. 4, 5 (D.D.C. 1996)).

The Interior Department correctly asserts in its motion to quash that "[s]ummary judgment resolves most FOIA cases," Cooper Cameron Corp. v. U.S. Dep't of Labor, 280 F.3d 539, 543 (5th Cir. 2002), but argues too broadly that discovery is typically unavailable in a FOIA action.  Most of the cases that the Department cites in support of this argument involved an agency's withholding of documents based on a statutory exemption.  These cases are not on point for purposes of the instant motion because Exxon Mobil does not seek discovery concerning the exemption on which the MMS based its withholding of some documents or the withheld documents themselves. Instead, it seeks to depose Zainey only about the adequacy of the MMS's search for responsive documents.

It is generally accurate that "discovery is not favored in FOIA cases."  Hardy v. U.S. Dep't of Defense, No. CV-99-523-TUC-FRZ, 2001 WL 34354945, at *4 (D. Ariz. Aug. 27, 2001) (citing Pub. Citizen Health Research Grp. v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998), aff'd in part, rev'd in part & remanded on other grounds, 185 F.3d 898 (D.C. Cir. 1999)); accord Taylor v. Babbitt, 673 F. Supp. 2d 20, 22 (D.D.C. 2009) (citing Schrecker v. Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), aff'd,

349 F.3d 657 (D.C. Cir. 2003); Judicial Watch, Inc. v. Dep't of Justice, 185 F. Supp. 2d

54, 65 (D.D.C. 2002)); Broaddrick v. Exec. Office of President, 139 F. Supp. 2d 55,

62-63 (D.D.C. 2001), aff'd, 38 F. App'x 20 (D.C. Cir. 2002) (citing Goland v. Cent.

Intelligence Agency, 607 F.2d 339, 352-55 (D.C. Cir. 1978)).   Nonetheless, "[i]t is

beyond question that discovery is appropriate and often necessary in a FOIA case."

Murphy v. Fed. Bureau of Investig., 490 F. Supp. 1134, 1136 (D.D.C. 1980).

Discovery may be available concerning the adequacy of the agency's search after

the defendant has moved for summary judgment in a FOIA case on the basis that it has

produced all identifiable, non-exempt documents, and has provided sworn affidavits in

support of that argument.

> The standard governing a grant of summary judgment in favor of an
> agency that claims it has fully discharged its FOIA disclosure obligations
> is well established. . . . [T]he agency must show, viewing the facts in the
> light most favorable to the requester, that there is no genuine issue of
> material fact.  To meet this burden, "the agency must demonstrate that it
> has conducted a 'search reasonably calculated to uncover all relevant
> documents.'"  The question is not
>> whether there might exist any other documents possibly
>> responsive to the request, but rather whether the search for
>> those documents was adequate.  The adequacy of the search,
>> in turn, is judged by a standard of reasonableness and
>> depends, not surprisingly, upon the facts of each case. In
>> demonstrating the adequacy of the search, the agency may
>> rely upon reasonably detailed, nonconclusory affidavits
>> submitted in good faith.

Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)) (emphasis in original).

"Agency affidavits are accorded 'a presumption of good faith' and cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" Broaddrick, 139 F. Supp. 2d at 62-63 (quoting SafeCard Servs., Inc. v. Secs. & Exchg. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991)); accord Heily, 69 F. App'x at 173; see also Batton v. Evers, 598 F.3d 169, 176 (5th Cir. 2010) (quotation omitted) ("[I]n analyzing the affidavits and declarations submitted by the government, the agency is entitled to a presumption of legitimacy unless there is evidence of bad faith in handling the FOIA request.").

"'[D]iscovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." Wood v. Fed. Bureau of Investig., 432 F.3d 78, 85 (3d Cir. 2005) (quoting Carney, 19 F.3d at 812).

> To justify discovery after an agency has submitted facially adequate declarations, the requester must show bad faith or tangible evidence that summary judgment is inappropriate. A district court does not abuse its discretion in denying discovery when the requester's allegations lack factual support and are "grounded in mere speculation." On the other hand, discovery may be warranted when the adequacy of the search is in doubt.

10

Hardy, 2001 WL 34354945, at *4 (quoting Carney, 19 F.3d at 813) (citing Weisberg v.

Dep't of Justice, 627 F.2d 365, 370-71 (D.C. Cir. 1980); Murphy v. Fed. Bureau of

Investig., 490 F. Supp. 1134, 1137 (D.D.C. 1980)) (emphasis added).

An affidavit that merely "describes in general how the [agency] processed

appellant's FOIA request, [but] . . . fails to describe in any detail what records were

searched, by whom, and through what process," is insufficient to satisfy the agency's

burden. Steinberg, 23 F.3d at 551-52; see also Weisberg, 627 F.2d at 371 (affidavits that

"do not denote which files were searched, or by whom, do not reflect any systematic

approach to document location, and do not provide information specific enough to enable

[the requester] to challenge the procedures utilized" are insufficient).

If the agency's affidavits fail to describe the search adequately,

a "district court will have a number of options for eliciting further detail
from the government.  It may require supplemental Vaughn affidavits or
may permit appellant further discovery."  When the courts have permitted
discovery in FOIA cases, it is generally limited to the scope of the agency's
search.  Further, courts have consistently held that "a court should not, of
course, cut off discovery before a proper record has been developed; for
example, where the agency's response raises serious doubts as to the
completeness of the agency's search, where the agency's response is
patently incomplete, or where the agency's response is for some other
reason unsatisfactory."

El Badrawi v. Dep't of Homeland Sec., 583 F. Supp. 2d 285, 301 (D. Conn. 2008)

(quoting Halpern v. Fed. Bureau of Investig., 181 F.3d 279, 295 (2d Cir. 1999); Exxon

Corp. v. Fed. Trade Comm'n, 466 F. Supp. 1088, 1094 (D.D.C. 1978)) (citing Weisberg, 627 F.2d at 371); accord Heily, 69 F. App'x at 174.

Whether to permit discovery into the adequacy of the agency's search is within the court's sound discretion.  Batton, 598 F.3d at 175; Church of Scientology v. Internal Revenue Serv., 991 F.2d 560, 563 (9th Cir. 1993), vacated in part on other grounds, 30 F.3d 101 (9th Cir. 1994); Broaddrick, 139 F. Supp. 2d at 63 (citing SafeCard Servs., Inc., 926 F.2d at 1200-01).

> B.    The Interior Department Has Carried Its Burden for a Protective Order

The Interior Department seeks to quash Exxon Mobil's attempt to depose Zainey about the adequacy of the MMS's search for the requested records.  The Department contends that Zainey's two sworn declarations adequately explain the MMS's searches and responses to the FOIA requests.  Defendant also argues that it has fully complied with Judge McNamara's order, which narrowed the scope of some of Exxon Mobil's overly broad original requests and denied plaintiff's motion for summary judgment as to all requests except the specific items for which Judge McNamara ordered supplementation.

Exxon Mobil responds that it is entitled to depose Zainey for two reasons:  First, Zainey's declarations are inadequate because they demonstrate that the MMS decided that the requests were too burdensome and did not conduct a search, but merely referred

plaintiff to the Administrative Record lodged with the Interior Board of Land Appeals and to documents posted on an MMS website.  Second, the MMS exhibited bad faith in its responses in the following ways:  (a)  It referred plaintiff's FOIA requests "to the [Department of the Interior] Solicitor's Office, refusing to respond even when Exxon Mobil reduced the scope of certain requests in its Supplemental Statement in Support of its FOIA Appeal, [and] refusing to rule on Exxon Mobil's administrative appeals, refusing to satisfy the basic duty to supply a <u>Vaughn</u> index until ordered to do so by the Court."  (b)  It produced the <u>Vaughn</u> index within two months when it was ordered by the court to do so, although Zainey stated in his original declaration that it would take 10.5 years to prepare such an index.  Plaintiff's memorandum in opposition, Record Doc. No. 51, at pp. 4, 7.  Thus, Exxon Mobil argues that defendant has failed to carry its burden under Fed. R. Civ. P. 45 to show that the subpoena creates an undue burden.

Bearing in mind the legal principles cited in the preceding section, I find that, after Exxon Mobil complied with Judge McNamara's order to narrow the scope of some of its FOIA requests and after the Interior Department complied with Judge McNamara's order to respond to plaintiff's narrowed requests, Zainey's declarations are facially adequate. Judge McNamara has already ruled that Exxon Mobil's FOIA requests, virtually all of which sought "any and all documents," "any documents" or "all documents," are impermissibly broad.  Zainey's first declaration, submitted in opposition to plaintiff's

13

motion for summary judgment, describes the specific fashion in which the MMS
responded to Exxon Mobil's requests that are not impermissibly broad on their face.  The
declaration describes the persons involved in the search and response, the way in which
the MMS maintains its files, the location of responsive documents within those files, the
limitations imposed by both the file system and the staffing of the MMS office, the time
spent by some MMS employees in compiling the information that the MMS provided to
Exxon Mobil and the availability of many of the documents sought either on the MMS's
public websites or within the Administrative Record lodged with the Interior Board of
Land Appeals in connection with Exxon Mobil's appeal of the denials of its SOP.
Record Doc. No. 29-1.  Zainey's second declaration, submitted in response to Exxon
Mobil's narrowed requests and Judge McNamara's order, states either that no responsive
documents exist, that responsive documents are attached, that responsive documents are
now available on the MMS's website, or that responsive documents are being withheld
pursuant to the statutory exemption for confidential and proprietary information.  Record
Doc. No. 37-1.

I find that Zainey's two declarations are facially adequate.  Therefore, discovery
about the adequacy of the MMS's search is unnecessary <u>unless</u> Exxon Mobil carries its
burden to show that the MMS acted in bad faith.

C.    <u>Exxon Mobil Has Not Carried its Burden to Show Bad Faith</u>

For the following reasons, I find that Exxon Mobil's allegations do not amount to bad faith by the MMS sufficient to support its request for this discovery under the restrictive discovery standard applicable to FOIA cases.  Given the overbreadth of Exxon Mobil's numerous FOIA requests, the MMS acted prudently, <u>not</u> in bad faith, by seeking the advice of its Solicitor's Office before proceeding further.  Just as in its motion for summary judgment, Exxon Mobil has <u>not</u> provided the court with any evidence to support its allegation that it reduced the scope of certain requests in its Supplemental Statement in Support of its FOIA Appeal, <u>see</u> Record Doc. No. 35, Order at p. 17, nor has Exxon Mobil cited any law concerning whether the MMS  had any obligation to respond to a reduction in the scope of a previously answered request when the matter was on administrative appeal.  The Interior Department's "refusal" to rule on Exxon Mobil's administrative appeals within the extremely brief, 20-day statutory deadline, 5 U.S.C. § 552(a)(6)(A)(ii), was not in bad faith.  Exxon Mobil has a statutory remedy, of which it has availed itself, of filing the instant lawsuit after exhausting its administrative remedies. <u>Id.</u> § 552(a)(6)(C)(i).  Finally, the Interior Department's refusal to supply a <u>Vaughn</u> index until ordered to do so by the court and its production of a <u>Vaughn</u> index within two months after it was ordered to do so, despite the MMS's initial estimate that it would take years to produce a detailed index in response to plaintiff's excessive FOIA requests, are not bad faith.  As Judge McNamara has ruled, producing a <u>Vaughn</u> index "would [have

15

been] premature and too burdensome," and the Vaughn index that he ultimately ordered the Department to produce was based on very specific, narrow document requests, Record Doc. No. 35, at pp. 17-18, in contrast to the virtually unlimited universe of Exxon Mobil's original overly broad and impermissible requests.

Accordingly, IT IS ORDERED that Interior's motion to quash the subpoena and to prohibit the deposition of Zainey is GRANTED.

New Orleans, Louisiana, this ____3rd____ day of November, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

16