UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXXON MOBIL CORPORATION          *          CIVIL ACTION

VERSUS                           *          NO: 09-6732

UNITED STATES DEPARTMENT OF      *          SECTION: "D"(2)
INTERIOR

## ORDER AND REASONS

Before the court are the following motions set before the court on briefs, without oral argument:

(1) **"Objections to and Motion for Review of Magistrate's Order" (Doc. No. 56)** filed by Plaintiff, Exxon Mobil Corporation (ExxonMobil); and

(2) **"Motion for Summary Judgment" (Doc. No. 38)** filed by Defendant, The United States Department of the Interior (DOI).

Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

ExxonMobil initially filed a Motion for Summary Judgment (Doc. No. 14) arguing that FOIA[1] responses from the Minerals Management

---

[1] Freedom of Information Act, 5 U.S.C. §552 (FOIA).

Service (MMS), a sub-agency of DOI) were deficient. The court denied ExxonMobil's Motion for Summary Judgment, and found that many of ExxonMobil's requests seeking "any and all documents," "any documents," or "all document," were impermissibly broad and did not comply with FOIA's requirement that the request for records "reasonably describe[] such record." (*See* Order and Reasons, Doc. No. 35, entered on June 25, 2010). The court further ordered ExxonMobil to file into the record a List identifying the seventy (+) leases for which SOPs were approved and the five leases for which SOPs were denied, for which Exxon Mobil claims SOP approval/denial letters were missing from the subject MMS website. (*Id.*). The court also ordered MMS to provide ExxonMobil with the corresponding SOP approval/denial letters for those leases identified by ExxonMobil and file into the record documentation of same. (*Id.*).

As to ExxonMobil's **FOIA Request of February 25, 2009,** the court further ordered ExxonMobil to file into the record its Request reducing its scope to only those "activity schedules" relevant to certain specific SOPs. (*Id.*). Further, if ExxonMobil was seeking operator requests and letter attachments (maintained by PD), it was so specify in its Request. (*Id.*). MMS was further instructed to respond to Exxon Mobil's more specific request, and if MMS withheld documents based on an exemption, it was to provide

Exxon Mobil (and file into the court's record) a *Vaughn* Index, that had to include a detailed index describing the contents of the documents withheld and a factual basis for the asserted exemptions. (*Id.*).

As to ExxonMobil's **FOIA Request of May 7, 2009,** the court ordered ExxonMobil to file into the record, a List identifying the specific leases for which information is missing from the subject MMS website, and MMS was to provide Exxon Mobil with documents relating to suspension of those leases, if they existed. (*Id.*).

Both ExxonMobil and the DOI complied with the orders contained in the court's Order and Reasons (Doc. No. 35, entered on June 25, 2010). ExxonMobil filed a supplemental memorandum identifying: (1) a list of seventy leases for which SOPs were approved and five leases for which SOPs were denied; (2) a reduced request for "activity schedules" relevant to certain SOPs and clarification of whether ExxonMobil seeks operator requests and letter attachments; and (3) a list identifying the specific leases for which information was allegedly missing from the MMS website. (*See* Doc. No. 36).

In response to ExxonMobil's supplemental memorandum, MMS filed the July 30, 2010, Declaration of Robert Zainey, Chief of the Public Information Resources Section and Freedom of Information Officer with the Gulf of Mexico Outer Continental Shelf Region for

3

MMS.  (*See* Doc. No. 37-1, Supplemental Zainey Declaration).  In this Declaration, Mr. Zainey details all released material, and identifies FOIA exemption (5 U.S.C. §552(b)(4)) for withheld material.  (*See* Doc. No. 37-1, Zainey Declaration and Attachments I, IIa-c, III, Docs. Nos. 37-2, 37-3 & 37-4).  Mr. Zainey also states in part that "[t]he factual basis for MMS invoking Exemption 4 of the FOIA as reason for non-release of "activity schedules" or "schedule[s] of work," has not changed in substance from that submitted with the original Declaration submitted to the Court by MMS on May 24, 2010."  (Doc. No. 37-1 at page 9 of 13; *see* Original Zainey Declaration, Doc. No. 29-1).

The DOI now moves for summary judgment, seeking dismissal of ExxonMobil's FOIA claims.  In opposing this motion, ExxonMobil argues that genuine issues of material fact continue to exist regarding MMS's search for documents requested by ExxonMobil.[2] ExxonMobil alternatively argues that the motion should be denied because ExxonMobil should be allowed to take Mr. Zainey's deposition.

---

[2] ExxonMobil submits that "[a]t this point in this proceeding, ExxonMobil no longer challenges the responses to ExxonMobil's February FOIA Requests, April FOIA Request Nos. 1-4, and May FOIA Request Nos. 1 and 11." (Doc. No. 59 at p. 5).  However, Exxon Mobil argues that "because it required a Court order for the DOI to respond sufficiently to these requests, DOI is not entitled to a judgment that it originally discharged statutory obligation with respect to the FOIA request that it has now satisfied." (*Id*. at fn. 7).

ExxonMobil continues to challenge the adequacy of DOI's responses to the April FOIA Request Nos. 5 and 6 and to the May FOIA Request Nos. 2-10.  (*Id*. at p. 5).

4

The DOI refused to voluntarily produce Mr. Zainey for his deposition, and ExxonMobil served Mr. Zainey with a subpoena and deposition notice. The DOI then filed a Motion to Quash and Protective Order. The Magistrate Judge granted the DOI's Motion to Quash, prohibiting Mr. Zainey's deposition.[3] (*See* Magistrate Judge's Order and Reasons, Doc. No. 55). ExxonMobil objected to the Magistrate Judge's ruling and filed a motion for review by this court.

In his ruling, the Magistrate Judge found that:

> Zainey's first declaration, submitted in opposition to [ExxonMobil's] motion for summary judgment, describes the specific fashion in which the MMS responded to Exxon Mobil's requests that are not impermissibly broad on their face. The declaration describes the persons involved in the search and response, the way in which the MMS maintains its files, the location of responsive documents within those files, the limitations imposed by both the file system and the staffing of the MMS office, the time spent by some MMS employees in compiling th information that the MMS provided to Exxon Mobil and availability of many of the documents sought either on the MMS's public websites or within the Administrative Record lodged with the Interior Board of Land Appeals in connection with Exxon Mobil's appeal of the denials of its SOP. Record Doc. No. 29-1. Zainey's second declaration, submitted in

---

[3] The Magistrate Judge explained that ExxonMobil did "not seek discovery concerning the exemption on which the MMS based its withholding of some documents or the withheld documents themselves, ... but instead, ExxonMobil sought to depose Mr. Zainey only about the adequacy of the MMS's search fro responsive documents." (Doc. No. 55 at p. 8).

5

> response to Exxon Mobil's narrowed requests and Judge McNamara's order, states either that no responsive documents exist, that responsive documents are attached, that responsive documents are now available on the MMS's website, or that responsive documents are being withheld pursuant to the statutory exemption for confidential and proprietary information.  record. Dc. No. 37-1.

(Doc. No. 55 at pp. 13-14).

The Magistrate Judge found that the original and supplemental Declaration of Zainey are facially adequate, and discovery about the adequacy of the MMS's search is unnecessary because Exxon Mobil had not carried its burden of showing bad faith.  (*Id*. at p. 14-16).  The court concludes that the Magistrate Judge's ruling is not clearly erroneous or contrary to law.  The court also reiterates its previous ruling that ExxonMobil's FOIA requests for "any and all documents" are overly broad and inappropriate requests.

Accordingly;

Having considered ExxonMobil's **Motion for Review of Magistrate's Order, IT IS ORDERED** that ExxonMobil's **Objections** to the Magistrate Judge's ruling (Doc. No. 55) be and are hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that the DOI's **Motion for Summary Judgment (Doc. No. 38)** be and is hereby **GRANTED**, dismissing this matter.  Based on the facially adequate declarations of Robert

Zainey (the Chief of the Public Information Resources Section and Freedom of Information Officer with the Gulf of Mexico Outer Continental Shelf Region for MMS), the DOI has demonstrated that no material facts are in dispute and the documents appropriately requested by ExxonMobil have either been produced or exempt from disclosure.

New Orleans, Louisiana, this **3rd** day of **January**, **2011**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE